JUDGE ENGELMAYER

**12 CIV 2052**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Eli Zicherman,

                        Plaintiff,

    -against-

Forster & Garbus LLP,

                        Defendant.

Civil Action No.:

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

---

Plaintiff Eli Zicherman ("Plaintiff" or "Zicherman"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Forster & Garbus LLP ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of New York, residing at 25 Columbus Circle, Suite 64F, New York, New York 10019.

3. Upon information and belief, Defendant is a law firm specializing in debt collection, with a principal place of business at 60 Motor Parkway Commack, New York 11725 and is authorized to do business in the State of New York.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Defendant began collection activities on a consumer debt allegedly due from Plaintiff ("Alleged Debt"). Defendant sent several deceptive debt collection letters to Plaintiff, in violation of the FDCPA.

9. On or about March 21, 2011, Defendant sent a letter which indicated that the amount due in the amount of $3,959.83 would be considered paid in full, if Plaintiff would make a "first payment" of $4,907.00 before March 28, 2011 and additional subsequent payments of

unspecified amounts. Said initial payment would have been $947.17 more than the alleged amount due. Defendant knew or should have known that said letter would deceive, confuse and mislead Plaintiff.

10. On or about March 21, 2011, Defendant sent a second collection letter which indicated that the amount due of $4,905.87 would be considered paid in full, if Plaintiff would make a first payment of $4,905.87 before March 31, 2011 and additional subsequent payments of unspecified amounts. Defendant knew or should have known that said letter would deceive, confuse and mislead Plaintiff.

11. On or about April 18, 2011, Defendant sent a third collection letter which indicated that the amount due of $3,959.83 would be considered paid in full, if Plaintiff would make a first payment of $1.00 before April 30, 2011 and additional subsequent monthly payments of $1.00 "until the paid in full amount is reached." It would take a consumer 330 years to pay off the debt with this payment plan. Defendant knew or should have known that said letter would deceive, confuse and mislead Plaintiff.

12. In all three letters to the Plaintiff, Defendant stated that "We have agreed to accept monthly payments." Plaintiff never agreed to any settlement with Defendant. This language is deceptive and misleading.

13. Defendant employed false and deceptive means to collect a debt.

14. Said failure on the part of Defendant is a violation of the FDCPA, 15 U.S.C. § 1692e, which prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

18. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

19. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Eli Zicherman demands judgment against the Defendant Forster & Garbus LLP, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. A declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       March 20, 2012

Respectfully submitted,

By: _____
Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053